THOMAS U. WILKES, plaintiff in error, vs. J. H. McCLUNG & Co., defendants in error.

[1.] A party to a suit, is incompetent as a witness, for his co-party, as long as he remains liable for the costs.

[2.] A minor child off at school, contracted an account with merchants, which his father paid. The next year the child contracted another account with the same merchants, which the father refused to pay. The first year, and also the second, the father caused the merchants to be notified, that they were not to sell the son any goods, without instructions from the man with whom the son was boarding. There was no evidence, as to the amount and items, of the second account.

*Held,* That the father's paying the first year's account, was not a fact from which it would be allowable to infer, that he authorized the contracting of the second year's account.

Complaint, on account, in Fulton Superior Court. Tried before Judge BULL, April Term, 1859.

This was an action by J. H. McClung & Co., merchants, against Thomas U. Wilkes, to recover the sum of $63 20, on account of goods, wares and merchandise, sold and delivered to defendant's son during the year 1856. Thomas U. Wilkes, the defendant, was charged with the goods.

At the trial *R. F. Hutchins's* depositions were read, who proved that he was a clerk for plaintiffs. The goods were sold to defendant's son, and charged to defendant by his son's direction. The account was made in 1856.

*George R. Ward* deposed, that he was engaged in the dry goods with J. H. McClung, as a partner, but was not now interested, and had no interest in the account sued on. The goods were sold to defendant's son, and were charged to defendant by direction of his son. The last account, the one sued on, was made in the year 1856.

Plaintiffs further proved, that the account of the previous year, contracted by this same son, amounting to about seventy dollars, had been paid by defendant, without objection to complaint. The goods were sold at Rome, Georgia; defendant lived in Atlanta, and his son (Thomas) resided at Cave

Spring, and boarded there with Carter Sparks, whose residence was sixteen miles from Rome; the son was between fifteen and sixteen years of age, and was going to school at Cave Spring.

Defendant's counsel objected to the testimony of Ward, on the ground, that he was a party plaintiff, and incompetent. The Court overruled the objection, and defendant excepted.

Defendant also objected to the proof, as irrelevant, that defendant paid the account contracted by his son in 1855. The Court overruled the objection, and defendant excepted.

The Court, at the conclusion of the testimony, charged the jury, that if the defendant's son made an account with plaintiffs the previous year, (1855) which defendant paid without objection or disapprobation, the plaintiff had the right to infer, that the goods were bought with the approbation of the defendant, and if he did not intend in future, to be bound, he should have given notice to plaintiffs; that the payment of the account of 1855, was a ratification of the son's authority to contract it, and from which plaintiffs had the right to presume a continuance of the authority.

To which charge counsel for the plaintiffs excepted.

Counsel for defendant requested the Court to charge the jury, that plaintiffs were not entitled to recover, as the goods furnished were not necessaries. The Court refused so to charge, having previously charged that plaintiffs were not entitled to a recovery, on the ground that the goods sold were necessaries—there being no evidence that they were necessaries. To which counsel for defendant excepted.

The jury found for the plaintiffs the amount of the account sued on. Whereupon, defendant moved for a new trial, on the grounds, that the Court erred in the rulings, charges and refusals to charge above stated and excepted to, and because the verdict was contrary to law and the evidence.

The Court refused to grant a new trial, and defendant excepted, and assigned said refusal as error.

GARTRELL & HILL, for plaintiffs in error.

GLENN & COOPER, *contra*.

*By the Court.*—BENNING J. delivering the opinion.

The question is, ought this Court to grant a new trial in this case? And, we think, that it ought.

[1.] The objection to Ward, as a witness was good. When his interrogatories were taken, he was still liable for the costs; nothing had then been done, to indemnify him against that liability, if, indeed, anything ever was done.

The objection to the charge, was also, as we think, good.

That a father pays one account contracted by his son, does not warrant the inference, that he authorized his son to contract another account. This certainly is true, unless the second account is similar, in amount and items, to the first. In the present case, there was no proof, as to the amount and items, of the first account.

Again; Carter W. Sparks, with whom the minor was boarding, (the minor being at school,) deposed as follows; " That he did receive verbal instructions from the defendant, the first year, and, written instructions, the second year, to the effect, that the merchants were not to sell the said Thomas G. Wilkes, any goods, without instructions from him—said instructions was duly communicated by me, to the merchants at Cave Spring."

Now in the face of such instructions as these, communicated to the merchants, would it be allowable to infer, that because the father paid the account of the first year, he authorized the contracting of the account of the second year? Surely not. What more could he do—even supposing, that he had authorized the contracting of the first year's account, but wished not to authorize the contracting of any future account?

We think, then, that the charge was erroneous.

In respect to the request to charge—we are not quite sure, that we understand the ground of the Court's refusal of that request. Therefore, so far as that point is concerned, we will merely refer to the case of *Brown & McCoy vs. Deloach*, decided at Macon, June, 1859.

It is unnecessary to consider the other grounds.

Judgment reversed and new trial granted.